# Thomas' Ex'r v. Goss.

. Oct. 9, 1945..

John S. Deering for appellant.

John C. Watts for appellee.

OPINION OF THE COURT BY VAN SANT, COMMISSIONER—Reversing.

The action was brought under the Declaratory Judgment Act, Sections 639a—1 to 639a—12, inclusive, Civil Code of Practice, to settle an alleged controversy between appellant, the executor of Bettie Goss Thomas, deceased, who was the life tenant of a certain tract of land in Jessamine County, and the remainderman or remaindermen (the plural is used in the pleadings) of the tract. The Chancellor entered judgment in accordance with the contention of appellee.

Section 639a—6 Civil Code of Practice provides:

"The court may refuse to exercise the power to declare rights, duties or other legal relations in any case where a decision under it would not terminate the uncertainty or controversy which gave rise to the action, or in any case where the declaration or construction is not necessary or proper at the time under all the circumstances. The appellate court in its consideration of the case, shall not be confined to errors alleged or apparent in the record. When, in its opinion, further pleadings or proof is necessary to a final and correct decision of the matters involved, or that should be involved, it shall remand the case for that purpose; or if in its opinion the action is prematurely brought, or where a ruling in the appellate court is not considered necessary or proper at

the time under all the circumstances, it may direct a dismissal without prejudice in the lower court.''

Section 639a—9 Civil Code of Practice reads:

''When declaratory relief is sought, all persons shall be made parties who have or claim any interest which would be affected by the declaration, and no declaration shall prejudice the rights of persons not parties to the proceeding. In any proceeding which involves the validity of a statute, the attorney general of the State shall, before judgment is entered, be served with a copy of the petition, and shall be entitled to be heard, and if the ordinance or franchise is alleged to be unconstitutional, the attorney general of the State shall also be served with a copy of the petition and be entitled to be heard.''

The deceased life tenant's son, Leonard Goss, was made the sole defendant; but nowhere in the record does it appear that he is the sole remainderman, or even one of the remaindermen. The record therefore fails to disclose that all persons were made parties ''who have or claim any interest which would be affected by the declaration.''

Even if it appeared that all interested persons are parties to the action, the record is not complete for decision. The rights of the parties depend upon the legal relation of the deceased and the persons who raised the crops in the year 1944, the ownership of one-half of which is in controversy. When land is cultivated on shares, the rights of the remaindermen and a life tenant who died between March 1 and December 31 to severed crops depends upon whether the life tenant's relationship to the cultivators of the crop was that of landlord and tenant, land owner and cropper, partner, or tenant in common, etc. It is impossible to determine this question with the record in its present condition.

The judgment is reversed, and the cause remanded for proceedings not inconsistent with this opinion.